COPY

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>17-689-IV |
|---|---|---|
| PLAINTIFF<br>TENNESSEE INSURANCE GUARANTY ASSOCIATION | DEFENDANT<br>PENGUIN RANDOM HOUSE, LLC, and PEARSON EDUCATION, INC. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

PEARSON EDUCATION, INC.
Serve: Registered Agent
CT Corporation System
800 S. Gay St., Suite 2021
Knoxville, Tennessee 37929-9710

Method of Service:
[✓] Certified Mail
[ ] Davidson Co. Sheriff
[ ] *Comm. Of Insurance
[ ] *Secretary of State
[ ] *Out of County Sheriff
[ ] Private Process Server
[ ] Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>William D. Leader<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, Tennessee 37219-1734<br>615-780-4111 | FILED, ISSUED & ATTESTED<br>JUL - 5 2017<br>MARIA M. SALAS, Clerk and Master<br>By: 1 Public Square<br>Suite 308<br>Nashville, TN 37201<br>Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Maria M. Salas (862-5710)

EXHIBIT A

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____ ☐ Not Found _____
☐ Not Served _____ ☐ Other _____

DATE OF RETURN: _____

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the ____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this ____ day of _____, 20___.
Signature of ____ Notary Public or ____ Deputy Clerk

My Commission Expires: _____

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case.

MARIA M. SALAS, Clerk & Master
By: _____ D.C. &M

IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

| | |
|---|---|
| TENNESSEE INSURANCE GUARANTY ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 17-689-IV ) |
| PENGUIN RANDOM HOUSE, LLC, and PEARSON EDUCATION, INC. | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR RECOVERY OF AMOUNTS PAID

The Plaintiff Tennessee Insurance Guaranty Association ("TIGA") for its cause of action against the Defendants states as follows:

1. This is an action by TIGA against a High Net Worth Insured, or its successor, to recover payments to and on behalf of an injured employee after the insolvency of the insured's workers compensation carrier in 2001. TIGA also seeks a Declaration that it is entitled to recover ongoing and future medical expense and other payments connected to that employee's injury from one or both of the Defendants.

### I. PARTIES

2. TIGA is an independent unincorporated association governed by a Board of Directors appointed by the Tennessee Commissioner of Commerce and Insurance pursuant to the Tennessee Insurance Guaranty Association Act, Tenn. Code Ann. § 56-12-101, et seq. (hereinafter the "TIGA Act"). TIGA members are insurance companies that hold a certificate of authority to transact certain kinds of insurance business in Tennessee. TIGA's operations are funded by assessments made to member insurers, which assessments are allowed as a credit against premium taxes payable to the State of Tennessee. TIGA's principal place of business is in Nashville, Davidson County, Tennessee.

{00106678.DOCX / ver:5 }

3. Penguin Random House, LLC ("Penguin Random House") is a Delaware LLC with two members: Bertelsmann SE & Co. KGaA and Pearson, PLC. Its principal office is at 1745 Broadway, New York, New York, 10019-4640 and its registered agent for service of process is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

4. Dorling Kindersley Publishing ("DK Publishing") is a division of Penguin Random House.

5. From July 1, 2000, to July 2013, DK Publishing was a division of Pearson Education, Inc., which is a Delaware Corporation with its principal office at 330 Hudson St., New York, NY 10013-1046; its registered agent for service is CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710.

6. During all pertinent times, Defendants and their predecessor(s) have conducted business in the State of Tennessee.

## II. JURISDICTION AND VENUE

7. Both Pearson Education and Penguin Random House are subject to the personal jurisdiction of this Court in that they, or their predecessors in interest, have transacted business in the State of Tennessee, contracted to supply services or things in Tennessee, and engaged in a persistent course of conduct in Tennessee while deriving revenues from goods used or consumed or services rendered in Tennessee, and the facts underlying this dispute arise directly from that business. The events giving rise to this action result from DK Publishing's employment of a Tennessee resident whose on-the-job injuries in Tennessee led to claims made and benefits paid pursuant to Tennessee workers' compensation laws.

8. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 because the cause of action arose in Davidson County, Tennessee.

## III. FACTS AND TIGA'S LEGAL FRAMEWORK

### A. The Tennessee Insurance Guaranty Association

9. In 1971, the Tennessee legislature enacted the TIGA Act. The TIGA Act created TIGA.

10. TIGA's purpose is to provide a mechanism for the payment of covered claims (as defined in the Act) under certain insurance policies, to avoid excessive delay in payment, to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, and to provide an association to assess the cost of such protection among insurers.

11. TIGA is obligated to pay certain claims to the extent that they fall within the coverage of an insolvent insurer's policy and meet the requirements of the TIGA Act.

12. TIGA's obligation, if any, is only with respect to "covered claims" which are defined in the Act, Tenn. Code Ann. § 56-12-104(7)(A), as:

> [A]n unpaid claim ... which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this part applies and was issued by an insolvent insurer after March 31, 1999.....

13. TIGA's obligation, if any, to pay covered claims is limited by Tenn. Code Ann. § 56-12-107(a)(1)(A) to covered claims "existing prior to the determination of insolvency and arising within thirty (30) days after the determination of insolvency."

14. Pursuant to Section 56-12-107(a)(2) of the TIGA Act, TIGA is deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all the rights, duties and obligations of the insolvent insurer.

15. The TIGA Act also provides TIGA with the right to recover any payments that it has made on behalf of certain insureds, including:

> (b) The association shall have the right to recover from the following persons the amount of any "covered claim" paid on behalf of such person pursuant to this part:

{00106678.DOCX / ver:5 }    - 3 -

Case 3:17-cv-01070   Document 1-1   Filed 07/21/17   Page 5 of 9 PageID #: 9

> (1) Any insured whose net worth on December 31 of the year immediately preceding the date the insurer becomes an insolvent insurer exceeds twenty-five million dollars ($25,000,000) and whose liability obligations to other persons are satisfied in whole or in part by payments made under this part....

Tenn. Code Ann. § 56-12-110 (eff. March 31, 1999) ("Net Worth Insured" provision).

16. The Act provides no deadline or limitations period governing TIGA's right to recover payments made on behalf of a Net Worth Insured.

**B. The Underlying Insurance Claims and the Reliance Insolvency**

17. Pearson Education acquired DK Publishing as a division on July 1, 2000.

18. DK Publishing's workers compensation coverage for its operations in the State of Tennessee was provided by Reliance National Insurance Company ("Reliance") under Reliance Workers' Compensation Policy number NWX 6010707 ("Reliance Policy").

19. On August 31, 2000, Ms. Carol Rediker, a Tennessee resident, suffered an on-the-job injury in the State of Tennessee while in the employ of DK Publishing, for which she was entitled to receive workers' compensation benefits from her employer and its insurer Reliance.

20. On October 3, 2001, the Commonwealth Court of Pennsylvania entered an Order of Liquidation for Reliance.

21. That Order triggered TIGA's obligations under the TIGA Act and, pursuant to the TIGA Act, TIGA assumed certain obligations of Reliance, including its ongoing obligations with respect to the workers' compensation claims of Ms. Rediker.

22. Ms. Rediker's claims were accepted as compensable under the Reliance Policy and TIGA has made payments on behalf of DK Publishing and Reliance. In accordance with its statutory obligations, TIGA settled Ms. Rediker's claims for the payment of $91,279.40, with a continuing obligation for ongoing medicals. Including that initial payment and workers' compensation related costs and expenses made to or on behalf of Ms. Rediker, as of June 21, 2017, TIGA has paid approximately $155,712.70 pursuant to its obligations under the TIGA Act.

and on account of Ms. Rediker's work related injury. TIGA has estimated reserves of $202,493.31, for Ms. Rediker's future medical and other related expenses that are likely to arise from her on-the-job injury.

23. At all times since accepting the claims as compensable, TIGA has proceeded in a reasonable manner in handling the claims and payments made in connection with the claims have been appropriate.

C. **Pearson Education's Net Worth**

24. The date on which Reliance Insurance became "an insolvent insurer" within the meaning of the TIGA Act was October 3, 2001.

25. On December 31, 2000, DK Publishing was a division of Pearson Education.

26. As of December 31, 2000, Pearson Education had a net worth in excess of $25,000,000

D. **Subsequent Corporate Transactions**

27. In July 2013, Pearson Education's parent, Pearson LLC, pursuant to an agreement with Bertelsmann SE & Co. KGaA, contributed certain of its holdings, including DK Publishing, to a joint venture legally organized as Penguin Random House, LLC.

28. Certain assets and liabilities of DK Publishing were assumed by Penguin Random House, LLC, while others were retained by Pearson Education.

29. TIGA has made repeated requests and inquiries to both Pearson Education and Penguin Random House seeking reimbursement for amounts paid to and on behalf of Ms. Rediker. Neither of these entities have accepted responsibility for DK Publishing's obligations under § 56-12-110.

30. In addition, TIGA has made repeated inquiry as to which of the two entities are responsible to TIGA for repayment of amounts paid to or on behalf of Ms. Rediker.

Case 3:17-cv-01070   Document 1-1   Filed 07/21/17   Page 7 of 9 PageID #: 11

## COUNT I: DECLARATORY JUDGMENT

31. A genuine dispute and a bona fide justiciable controversy exists between TIGA, Pearson Education, and Penguin Random House and a declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and future legal relations between TIGA and the Defendants, and for the purpose of determining TIGA's right to recover any amount it pays in the future on behalf of DK Publishing pursuant to the Act.

32. TIGA requests, and the interests of the parties to this action require, a judicial determination as to TIGA's right to recover future amounts paid on behalf of DK Publishing by TIGA. There is an actual controversy between the parties in construing the rights and obligations of TIGA pursuant to the TIGA Act, Tenn. Code Ann. § 56-12-101, et seq.

33. DK Publishing's net worth, under the plain meaning of Tenn. Code Ann. § 56-12-110(b)(1), exceeded $25,000,000 as of December 31, 2000.

34. Under the TIGA Act, TIGA is entitled to recover all amounts it pays on behalf of DK Publishing on account of the work-related injuries to Ms. Rediker. Accordingly, there is an actual controversy between TIGA and the Defendants, and a declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and future legal relations between the parties.

35. TIGA is entitled to a declaratory judgment that it has the right to recover from either or both the Defendants any future payments that it may make on DK Publishing's behalf.

## COUNT II: RECOVERY OF AMOUNTS PAID

36. Because DK Publishing had a Net Worth in excess of $25,000,000 as of December 31 of the year preceding Reliance's insolvency, Tenn. Code Ann. § 56-12-110 provides TIGA the right to recover from one or both Defendants amounts paid by it on behalf of DK Publishing as a result of payments made on account of Ms. Rediker's work-related injuries.

37. TIGA is entitled to a judgment against one or both Defendants in an amount in excess of $155,712.70 for amounts paid on behalf of DK Publishing as of June 21, 2017. Because DK Publishing, and TIGA on its behalf, are obligated to Ms. Rediker for lifetime medical benefits arising from her work-related injury, TIGA is likely to make future payments during the pendency of this litigation. Accordingly, the debt owed will likely increase before judgment is entered. TIGA's reserves for these claims are $202,493.31.

WHEREFORE, the Tennessee Insurance Guaranty Association requests that the Court enter a judgment against one or both Defendants as follows:

1. Awarding TIGA all expenses and payments made or incurred by TIGA on behalf of DK Publishing connection with Ms. Rediker's workers' compensation claims through the date of trial, an amount in excess of $155,712.70;

2. Declaring that TIGA has the right to recover all amounts it has incurred or will incur in connection with covered claims paid to or on behalf of Ms. Rediker; and

3. Awarding TIGA its costs and such other further and general relief as the Court deems just and proper.

Respectfully submitted,

LEADER, BULSO & NOLAN, PLC

*[signature]*

William D. Leader (B.P.R. No. 9531)
Steven A. Nieters (B.P.R. No. 26505)
414 Union Street, Suite 1740
Nashville, TN 37214
(615) 780-4111

Attorneys for Plaintiff, Tennessee Insurance Guaranty Association