IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE INSURANCE GUARANTY ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-CV-1070 ) |
| PENGUIN RANDOM HOUSE, LLC, and PEARSON EDUCATION, INC. | ) ) ) ) |
| Defendants. | ) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Defendants had no objectively reasonable basis for seeking removal in this case and it should be promptly remanded. As shown below, and as set out in the very first page of the Complaint, the Tennessee Insurance Guaranty Association ("TIGA") is an "independent *unincorporated association* ... [whose] members are insurance companies that hold a certificate of authority to transact certain kinds of insurance business in Tennessee." (Dkt. 1-1, at 3 ¶ 2 (emphasis added).) Unsurprisingly, many of TIGA's members share Delaware and New York citizenship with Defendant Pearson Education, Inc. Therefore, diversity jurisdiction is not present.

**A.     Jurisdictional Facts**

TIGA is an unincorporated association. *See* Complaint ¶ 1; Joint Notice of Removal, Dkt. 1, at 2, ¶ 8; Tenn. Code Ann. § 56-12-105(a) ("There is created a nonprofit unincorporated legal entity to be known as the Tennessee insurance guaranty association."). By statute, TIGA's members include all property and casualty insurers qualified to transact business in Tennessee, with exceptions that do not apply in this case. Tenn. Code Ann. §§ 56-12-103; 56-12-105(b); 56-

12-104(9). TIGA's membership includes, among others, at least ten corporations that are incorporated in Delaware, and at least ten that are incorporated in New York. (Declaration of Jane Murphy ¶¶ 5-6, filed as Exhibit 1 hereto.[1])

Pearson Education is incorporated in Delaware and has its principal place of business in New York City. (Joint Notice of Removal, Dkt. 1, at 2 ¶ 9; Complaint, Dkt. 1-1, at 4 ¶ 5.)[2]

## B. Diversity Jurisdiction is not Present and Removal was Improvident

As observed by Judge Crenshaw, "the removal statutes 'are to be strictly construed,' ... and the removing party 'bears the burden of establishing its right thereto.' Further, any doubt about the propriety of removal must be resolved in favor of remand." *Little v. Wyndham Worldwide Operations, Inc.*, No. 3:16-CV-02758, __ F.Supp.3d, ___, 2017 WL 1788427, at *6 (M.D. Tenn. May 5, 2017) (citations omitted); *accord* *Roddy v. Lexington Ins. Co.*, No. 109-CV-174, 2009 WL 3335363, at *1 (E.D. Tenn. Oct. 15, 2009) (Collier, J.). *See* *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996) ("Removing defendants bear the burden of establishing federal subject-matter jurisdiction."); *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948 (6th Cir. 1994) ("Removal statutes . . . are to be strictly construed."). In particular, "[t]he burden of persuasion for establishing diversity jurisdiction, of course, [is] on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

---

[1] Consideration of evidence such as Ms. Murphy's Declaration is appropriate in this context. As explained by the Supreme Court, "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

[2] The Joint Notice of Removal also asserts that Defendant Penguin Random House, LLC ("PRH") "is incorporated under the laws of the State of Delaware and has its principal office at 330 Hudson Street, New York, New York 10013-1046, and is therefore a citizen of both Delaware and New York." (Dkt. 1, at 2 ¶ 10.) That statement is incorrect. According to both its name and its filings with the Tennessee Secretary of State and the Delaware Department of State, PRH is a limited liability company, not a corporation. Therefore, its citizenship is that of its members. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). Thus, in actuality, PRH is a citizen of two foreign countries, as alluded to in the Complaint. (Dkt. 1-1, at 4 ¶ 3.) In any event, PRH's citizenship is not material for purposes of diversity jurisdiction, given Pearson Education's undisputed states of citizenship.

Here, Defendants have failed to meet their burden. For over 200 years, diversity jurisdiction has demanded complete diversity of citizenship between all plaintiffs on the one hand, and all defendants on the other. ***Strawbridge v. Curtis***, 7 U.S. (3 Cranch) 267, 267 (1806); *see* ***V&M Star, LP v. Centimark Corp.***, 596 F.3d 354, 355 (6th Cir. 2010). Moreover, it is foundational law that, for purposes of analyzing diversity, an unincorporated association is considered a citizen of every state in which any of its members is a citizen:

> we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity [other than a corporation], the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," ... "the several persons composing such association," ... "each of its members."

***Carden v. Arkoma Associates***, 494 U.S. 185, 195-96 (1990) (citations omitted)(quoting, in order, *Chapman v. Barney*, 129 U.S. 677, 682 (1889); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456 (1900); *United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 146 (1965)).

This principle applies fully to unincorporated state insurance guaranty associations. *See, e.g.,* ***Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n***, 946 F.2d 390, 393-94 (5th Cir. 1991); ***Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n***, 896 F.2d 674, 677 (2d Cir. 1990); ***Alabama Ins. Guar. Ass'n v. FrankCrum1, Inc.***, 2:11-CV-3228 (N.D. Ala. Nov. 27, 2012) (Exhibit 2 hereto); ***Iowa Ins. Guar. Ass'n v. New England Ins. Co.,*** 701 F. Supp. 177, 178-79 (S.D. Iowa 1988); ***International Ins. Co. v. Virginia Ins. Guar. Ass'n,*** 649 F. Supp. 58, 61 (E.D. Va. 1986); ***Trombino v. Transit Cas. Co.,*** 110 F.R.D. 139, 144 (D.R.I. 1986). Thus, diversity jurisdiction would be present only if none of TIGA's members shared citizenship with Pearson Education in either New York or Delaware. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and

of the State or foreign state where it has its principal place of business ...."). As shown above, however, TIGA's members include numerous citizens of both those states. Therefore, for purposes of determining diversity jurisdiction TIGA shares New York and Delaware citizenship with Pearson Education and removal was improvident.

## C. Plaintiff is entitled to its Just Costs and Attorneys Fees in these Proceedings

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As interpreted by the Supreme Court, this provision calls for an award of fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In announcing this standard, the Court cautioned against being too cautious in making such awards:

> Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Id.* at 140. Nor need the Court find "bad faith, improper purpose, or vexatious or wanton conduct" in the removal: only that the award is "fair and equitable under all the circumstances." *Ratliff v. Merck & Co.*, 359 F.Supp.2d 571, 578 (E.D. Ky. 2005). *Accord* ***Morris v. Bridgestone/Firestone, Inc.***, 985 F.2d 238, 240 (6th Cir. 1993).

In the present case, as is evident from the face of the Complaint, the statute creating TIGA, and the Joint Notice of Removal itself, TIGA is an association of insurers. Given Pearson Education's dual New York and Delaware citizenship, Defendants had no objectively reasonable basis to believe that diversity jurisdiction was present. Nonetheless, their improvident removal has caused TIGA to expend time and resources demonstrating the absence of subject-matter jurisdiction. Plaintiff therefore requests that the Court permit it to prove its costs and expenses

via Declaration or Affidavit after remand. The Court will retain jurisdiction over the parties for this limited purpose. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997).

Respectfully submitted,

*s/Steven A. Nieters*
William D. Leader. (BPR No. 9531)
Steven A. Nieters (BPR No. 26505)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4111

Attorneys for Plaintiff, Tennessee Insurance Guaranty Association

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2017, a true and correct copy of the foregoing document was submitted via the Court's electronic filing service, which is expected to deliver it via electronic means, to:

Alex B. Morrison
Brent R. Laman
MOORE INGRAM JOHNSON & STEELE, LLP
Cedar Ridge Office Park
408 N. Cedar Bluff Road, Suite 500
Knoxville, TN 37923

*s/Steven A. Nieters*
Steven A. Nieters